Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8435 | **DATE** | 2/7/2003 |
| **CASE TITLE** | Terry Xydakis etc. Vs. Target, Inc. etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to amend November 27, 2002 protective order is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 10 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 14 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK 03 FEB 10 AM 8:17 | | |
| | Copy to judge/magistrate judge. | | FEB 10 2003 date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TERRY XYDAKIS, on behalf of himself and )
all other persons similarly situated, )
)
        Plaintiff, )
)
vs. )   No. 02 C 8435
)
TARGET. INC., d/b/a MARSHALL FIELDS, )
)
        Defendant. )

DOCKETED
FEB 1 0 2003

## MEMORANDUM OPINION AND ORDER

According to the complaint, plaintiff, inspired by Marshall Fields' flyer advertising an All-Clad grill pan regularly sold for $130 as on sale for $39.99, embarked on a determined effort to buy one. Despite a number of efforts to do so, he was unable to find any available. This lawsuit followed. A week later he obtained an *ex parte* order forbidding defendant from destroying any records that pertain to any putative class members or which indicate the identity of any putative class members, or which may assist in identifying any such members. The class is defined as "all persons unable to purchase an advertised product of the Defendant's [sic] during their sale period because the product was not in stock."

Defendant now seeks to amend the protective order to confine putative class members to all persons unable to purchase the All Clad grill pan regularly priced at $130 that defendant Marshall Fields advertised as being on sale for $39.99 during the August 4, 2002 through August 10, 2002 sale period, because the product was not in stock. Its motion, in essence, raises concerns about the scope of this lawsuit. While we agree with plaintiff that such a motion is an inappropriate means of determining class issues, we are mindful of the

extraordinary scope of the present order. It requires defendant to safeguard waiting lists over an indefinite period from every Marshall Fields and Target store in the United States. But this lawsuit is about an unsuccessful search for a particular item after receipt of a specific Chicagoland Marshall Fields flyer.

Perhaps defendant's conduct with respect to other advertised products may be relevant and perhaps the appropriate class may extend beyond disappointed All-Clad grill pan seekers. But we think that universe cannot, in any event, extend as broadly as the present order suggests. For now we amend the order to confine putative class members to all persons unable to purchase at any Chicagoland Marshall Fields store any of the items advertised in the August 2002 flyer because the product was not in stock.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 7, 2003.