# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8435 | **DATE** | 9/9/2003 |
| **CASE TITLE** | Terry Xydakis etc. Vs. Target, Inc. etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to limit the scope of discovery is granted in part and denied in part. Status hearing set for October 1, 2003 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 10 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 32 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | SEP 10 2003 | |
| WAH | courtroom deputy's initials | 03 SEP -9 PM 3:52 FILED Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRY XYDAKIS, on behalf of himself and )
all other persons similarly situated, )
)
Plaintiff, )
)
vs. ) No. 02 C 8435
)
TARGET. INC., d/b/a MARSHALL FIELDS, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff alleges that defendant placed a flyer in the Sunday issue of the Chicago Tribune offering products at Chicagoland Marshall Field's stores, including an All-Clad grill pan during an August 4-10, 2002, sales period; that he sought to buy such a pan; but that he was unable to do so because they were all sold out. That experience has led to a number of claims on behalf of a class.

But what class? Plaintiff seeks a class, and class discovery, which includes all persons unable to purchase an advertised product of defendant during the sales period because the product was not in stock. That presumably means every sales promotion by every Target and Marshall Field store nationally for an indeterminate period. Defendant seeks to confine the scope of the case and to redefine the proposed class, so as to limit it to persons unable to purchase the $130 All-Clad grill pan advertised in the flyer for $39.99 during the sales period.

The issue here is not whether or not a class should be certified. That comes later. Rather, it is to provide some boundaries on a possible class. The conduct which plaintiff complains of is the failure to have enough All-Clad grill pans in stock to meet the demand

arising from the August 2002 sales promotion by Marshall Field stores in this area. We think it unwarranted to use that conduct as the basis for asking some Target store in Wyoming about an in-store promotion in the year 2000. We think, however, at least for now and until we know more about how records are kept, that it is feasible and appropriate to keep the scope at that enunciated on February 7, 2003. The conduct relates to a particular pan, but it also relates to a particular flyer.

We do so while recognizing that the primary relief sought here is monetary. Plaintiff's reliance upon Rule 23(b)(2) class concepts is, we believe, misplaced.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 9, 2003.