| Minute Order Form (06/97) | | | |
|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | |
| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
| **CASE NUMBER** | 02 C 8435 | **DATE** | 6/8/2004 |
| **CASE TITLE** | TERRY XYDAKIS vs. TARGET, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 0 9 2004 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | 41 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | JUN 0 9 2004 date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRY XYDAKIS, on behalf of himself )
and all other persons similarly situated, )
)
      Plaintiff, )
)
vs. ) No. 02 C 8435
)
TARGET, INC., d/b/a MARSHALL )
FIELDS, )
)
      Defendant. )

JUN 0 9 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Terry Xydakis brought this action on behalf of himself and other similarly situated persons alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (DBPA), 815 ILCS 505/1 *et seq.* Defendant Target, Inc. filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendant's motion is granted.

## BACKGROUND

The facts are taken from plaintiff's complaint. On August 4, 2002, defendant allegedly placed an advertisement in the Chicago Tribune offering to sell an All-Clad grill pan, originally priced at $130.00, for $39.99, from August 4, 2002, through August 10, 2002, at all Chicagoland Marshall Field stores (which are owned and operated by defendant Target). On August 7, 2002, after seeing that advertisement, plaintiff went to the Oak Brook Marshall Field store intending to purchase the grill pan. When he arrived at the store, plaintiff was told that the store had sold out of the grill pans and he was not offered a rain check or a substitute product.

Plaintiff then went to another Marshall Field store in Orland Square Mall seeking to buy

the pan. Again, he was told that none was available but that his name would be added to a waiting list. On August 12, 2002, plaintiff returned to the Orland Square store, hoping that the pans were in stock. He was then told that the grill pans had been discontinued by the manufacturer and would no longer be carried by Marshall Field's. Again, he was told that there were no rain checks or substitute items available. In a subsequent conversation with defendant's employees, plaintiff learned that a substitute item had been available but that it too was sold out.

In October 2002, plaintiff learned that Carson Pirie Scott stores were carrying the All-Clad grill pan and tried the Marshall Field stores again, but was again told that the item had been discontinued. Plaintiff finally decided to buy the grill pan from Carson Pirie Scott for $130.00.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss the court assumes the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint need not provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

The DBPA is designed to protect consumers from unfair or deceptive acts in the course of trade or commerce. 815 ILCS 505/1 *et seq.*; Skyline Intern. Development v. Citibank, F.S.B., 706 N.E.2d 942, 946 (Ill.App.1 Dist. 1998). The Act allows a private person injured by a violation of the Act to bring a civil action against the party committing the violation. 815 ILCS

505/10a. To adequately plead such a claim, a plaintiff must allege a deceptive act by the defendant in the course of business intended to induce reliance by the plaintiff that causes actual damages. Oliveira v. Amoco Oil, 776 N.E.2d 151, 160 (Ill. 2002). Unlike an action brought by the attorney general pursuant to 815 ILCS 505/2, a private civil action requires proof of damages. *Id.*

Plaintiff sufficiently pleads a violation of the DBPA by the defendant. The Act specifically prohibits the advertising of goods or services while not intending to sell a reasonable quantity. 815 ILCS 510/2(10). Such conduct is also prohibited by the Illinois Administrative Code. 14 IL ADC 470.310. These regulations were designed to prevent so-called "bait and switch" schemes, whereby the seller lures a consumer into the store with an advertisement it does not intend to honor, and then sells the consumer a more expensive item. Taking plaintiffs allegations as true, defendant's advertisement constituted "bait" to get plaintiff into the store, violating the DBPA.

Plaintiff fails to allege the "switch" by defendant, however, and therefore fails to allege any actual damages caused by defendant's acts. Defendant's employees made no attempt to sell plaintiff a more expensive item and mentioned the sold-out replacement item only after it was brought up by plaintiff. There is nothing in the complaint to indicate that plaintiff spent any money at any Marshall Field store. While he did end up purchasing the grill pan for its full price of $130.00, this certainly was not induced by defendant's advertising since he bought the pan at a competing store.

Plaintiff argues that he need not plead damages because he is bringing this action for injunctive relief on behalf of a class who was affected by defendant's actions. 815 ILCS 505/10a is the only section in the DBPA that authorizes suits for a private action and, while it does allow

for injunctive relief, such an action may only be brought by a person who suffers actual damages. Smith v. Prime Cable of Chicago, 658 N.E.2d 1325, 1337 (Ill. App. 1 Dist. 1995). Plaintiff here does not meet that qualification and therefore fails to state a claim as defined by the Act.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

June 8, 2004.