# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8435 | **DATE** | 7/2/2004 |
| **CASE TITLE** | TERRY XYDAKIS vs. TARGET, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to reconsider is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 06 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 45 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 2004 JUL -2 PM 4:08 | JUL 06 2004 date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRY XYDAKIS, on behalf of himself )
and all other persons similarly situated, )
                                          )
            Plaintiff,                    )
                                          )
      vs.                                 )   No. 02 C 8435
                                          )
TARGET, INC., d/b/a MARSHALL              )
FIELDS,                                   )
                                          )
            Defendant.                    )

## MEMORANDUM OPINION AND ORDER

Plaintiff Terry Xydakis brought this action alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (the Act), arising from a newspaper advertisement that allegedly appeared in the Chicago Tribune on August 4, 2002, through August 10, 2002. On June 9, 2004, we granted defendant Target, Inc.'s motion to dismiss, finding that plaintiff failed to allege actual damages and therefore failed to state a claim for relief under the Act. Plaintiff now seeks reconsideration of that order, arguing that he did not need to allege actual damages because he alleges that defendant acted intentionally in violating the statute. For the following reasons, plaintiff's motion is denied.

The Act explicitly states that only a person who suffers actual damages as a result of a violation my bring a private action. 815 ILCS 505/10a. Some courts in this district, relying on Duran v. Leslie Oldsmobile, 594 N.E.2d 1355, 1362 (Ill. App. 2 Dist. 1992), have allowed plaintiffs to bring suits for nominal damages if they allege that defendants intentionally violated the Act. Singleton v. Montgomery Ward Credit Corp., 2000 WL 1810012, *3 (N.D. Ill.); Egli v. Bass, 1998 WL 560270, *3 (N.D. Ill.); Cellular Dynamics, Inc. v. MCI Telecommunications Corp., 1997 WL 285830, *3 (N.D. Ill); Villarreal v. Snow, 1996 WL 28308, *10 (N.D. Ill.). Those cases, however, do not discuss Duran at length and we believe they are based on a misreading

of that case.

In <u>Duran</u>, the plaintiff alleges that defendant made oral misrepresentations relating to a vehicle which plaintiff relied on when purchasing the car. 594 N.E.2d at 1034. The plaintiff was able to return the car to the dealership without making any payments as required by the retail agreement. *Id.* at 1043. In discussing the plaintiff's claim, the court found that damages are an element of a private cause of action under the Act, even though a defendant may violate the Act without causing damages. *Id.* at 1040. The appellate court then discussed the traditional common law rule that damages are presumed whenever a right is infringed. *Id.* That rule, however, was abandoned in Illinois in negligence actions and the presumption remains only for intentional torts. *Id.* In codifying consumer protection law, the Illinois legislature eliminated the mental state requirement and determined that interests of consumers would be better served by finding that even innocent misrepresentations should be actionable. *Id.* at 1040-41. The court concluded its discussion of the issue by stating that "[i]n the absence of a mental state equivalent to that of an intentional tort, we find damages may not be presumed under the Consumer Fraud Act." *Id.* at 1041.

Courts in this jurisdiction have repeatedly cited to this sentence from <u>Duran</u>, without detailed explanation, as support for the contention that plaintiffs may bring a private cause of action even in the absence of actual damages if defendants intentionally violated the Act. *See* <u>Egli</u>, 1998 WL 560270 at *3. We do not believe that was the holding of the appellate court. Instead, the appellate court simply held that intent is no longer an issue in cases brought under the Act. In fact, plaintiff in <u>Duran</u> also brought claims for fraudulent misrepresentation, in addition to claims for violations of the Act. 594 N.E.2d at 1357. In spite of those claims for intentional torts, the court stated that it "disposed both of plaintiff's assertion that damages are unnecessary under the Consumer Fraud Act or that a presumption of damages arises from a

violation of such act in identifying the elements of a cause of action for statutory fraud." 594 N.E.2d at 1364. In any case, the court in <u>Duran</u> ultimately concluded that the plaintiff failed to state a claim for damages under the Act.

This reading of <u>Duran</u> is supported by <u>Smith v. Prime Cable of Chicago</u>, in which a class of plaintiffs brought suit against their cable operators, claiming that Prime Cable had advertised a concert as a three-hour event when it was, in fact, only two hours long. 658 N.E.2d 1325, 1328 (Ill. App. 1 Dist. 1995). The plaintiffs sought both compensatory and punitive damages pursuant to the Act and the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq. Id.* Following a lengthy discussion of remedies available under the Act, the appellate court affirmed the dismissal of plaintiff's claims, holding that although the allegations amounted to a violation of the Act there were no damages. *Id.* at 1336. Although the court did not explicitly discuss the presumption of damages, it dismissed plaintiff's complaint even though it contained allegations that plaintiffs acted "knowingly" and "falsely, deceitfully and fraudulently." *Id.* at 1336-37.

<u>Smith</u> and <u>Duran</u> give support to the text of section 505/10a of the Act. The Illinois legislature determined that consumer interests would be better preserved by eliminating the intent requirement from consumer fraud cases and allowing plaintiffs to recover damages for innocent violations of the Act. In doing so, however, the legislature also made it clear that only parties actually harmed by such a violation could bring a private action against defendants.

We also note that plaintiff, in his brief in support of this motion, implies that he did suffer some actual damages as a result of defendant's alleged violations of the Act. In doing so, he relies on <u>Roche v. Fireside Chrysler-Plymouth, Mazda, Inc.</u>, 600 N.E.2d 1218, 1228 (Ill. App. 2 Dist. 1992), in which the court determined that a jury award of $750 for "aggravation and inconvenience" was not erroneous. In <u>Roche</u>, however, the plaintiff had demonstrated that she

suffered other harm as a result of the defendant's wrongdoing and her aggravation was only part of the award. *Id.* at 1225. In any case, plaintiff fails to allege any such harm and, as we stated when dismissing the claim, fails to allege any actual damages resulting from defendants' conduct.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reconsider is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

July 2, 2004.