
Minute Order Form. (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8435 | **DATE** | 8/31/2004 |
| **CASE TITLE** | TERRY XYDAKIS vs. TARGET, INC., d/b/a MARSHALL FIELDS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's second motion to reconsider is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 49 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | SEP 0 1 2004 | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | 2004 AUG 31 PM 6:05 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TERRY XYDAKIS, on behalf of himself )
and all other persons similarly situated, )
)
      Plaintiff, )
)
vs. ) No. 02 C 8435
)
TARGET, INC., d/b/a MARSHALL )
FIELDS, )
)
      Defendant. )

SEP 0 1 2004

## MEMORANDUM OPINION AND ORDER

On June 8, 2004, we denied plaintiff's motion to reconsider the dismissal of his claims. He subsequently filed a second motion to reconsider that dismissal or alternatively to dismiss the claims for lack of subject matter jurisdiction. For the following reasons, that motion is denied.

This case is illustrative of the fact that the federal courts are of limited jurisdiction and that a plaintiff can sail up on the reefs when he seeks to make a federal case out of a state law claim.

Plaintiff originally filed suit on behalf of a nationwide class of all persons who were unable to purchase a product advertised by Target, Inc. during an indeterminate time because, during the sales period, the product was not in stock. While he sought damages for the class, he also asked for injunctive relief and described the class as a Rule 23(b)(2) class. This was undoubtedly because his claim rested only on Illinois law, he sought to invoke diversity jurisdiction, and it was obvious that his damages did not exceed $75,000. In most class actions in federal court that jurisdictional threshold does not pose a problem because there is some federal claim, but here there was none.

In the subsequent skirmishing about the scope of discovery, we noted that the monetary

claims made reliance upon a Rule 23(b)(2) class misplaced. Plaintiff then amended his complaint so as to seek equitable relief alone. We then dismissed the complaint in its entirety, finding that plaintiff failed to allege that he was actually harmed by defendant's conduct, as is required by the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA).

Plaintiff's contention that we have placed him in a "Catch-22" is unconvincing. As we alluded to in the September 9, 2003 order, Rule 23(b)(2) is not the proper tool for plaintiff to use in seeking to recover damages, but rather a vehicle for seeking actual injunctive relief for a large class of wronged plaintiffs.[1] Plaintiff made a conscious choice to pursue his claim as a class action rather than to seek damages arising from defendant's alleged violations of the ICFA. In so doing, he essentially pleaded himself out of court – the ICFA allows only those individuals actually damaged by consumer fraud to bring a claim.

Nothing in this or previous orders prevents plaintiff from turning to state court to seek recovery for his actual damages (which he admits fall well short of $75,000) under the ICFA nor prevents defendant from relying upon the orders here for whatever preclusive effect they may have. We dismissed the amended complaint because, in choosing not to allege damages, plaintiff failed to state a claim for relief.

Plaintiff also contends that any dismissal should have been for lack of subject matter jurisdiction. He claims that the injunctive relief sought did not reasonably have a value in excess of $75,000, although he had alleged that it did. That he must allege actual damages to survive a motion to dismiss is a creature of state law. Whether or not it can reasonably be claimed that the amount involved in a claim for equitable relief exceeds $75,000 is a matter of federal law. In the First Amended Complaint the class alleged is the same as before, and the claim would

---

[1] Possibly a class representative could seek only his own damages in a Rule 23(b)(2) class action – we have not considered that – but a class representative could not properly say he wanted to be paid, but because he preferred to litigate in federal court no one else in the class should get that relief.

implicate the records of every Target store in at least the United States for a number of years. An effort to comply reasonably (indeed, undoubtedly) would entail costs in excess of $75,000. And that confers subject matter jurisdiction over a case that cannot survive a challenge based on state law. *See* In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 609 (7th Cir. 1997), as recently followed in Tropp v. Western-Southern Life Insurance Co. d/b/a Western Southern Financial Group, 2004 WL 1858369, --- F.3d --- (7th Cir. 8/20/04).

## CONCLUSION

For the foregoing reasons, plaintiff's second motion to reconsider is denied.

JAMES B. MORAN
Senior Judge, U.S. District Court

Aug. 31, 2004.